UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CASEY KLAIZNER, | Case No. 2:14-CV-1543 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| COUNTRYWIDE FINANCIAL, et al., | |
| Defendant(s). | |

Presently before the court is defendants Fannie Mae, Green Tree Servicing LLC ("Green Tree"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss. (Doc. # 5). Defendants National Default Servicing Corporation ("National Default"), BAC Home Loans Servicing, LP ("BAC"), Bank of America, N.A. ("Bank of America"), Countrywide Financial ("Countrywide"), Recon Trust Company, N.A. ("Recon"), and Nationstar Mortgage, LLC, ("Nationstar") joined this motion. (Docs. ## 9-11). *Pro se* plaintiff Casey Klaizner filed a response in opposition (doc. # 13), and defendants replied.[1] (Docs. ## 14, 16).

I.  **Background**

This is a mortgage loan foreclosure case. The court has referenced the original complaint and accompanying exhibits for background.

On or about September 1, 2006, plaintiff purchased real property located at 8474 Orange Cliff Ct., Las Vegas, NV, 89123 ("subject property"). To help purchase the subject property, plaintiff acquired a $280,000 loan from Countrywide. (Doc. # 1–5 p. 3). The deed of trust named

---

[1] Defendants Green Tree, MERS, and Fannie Mae filed the first reply. Defendants Bank of America, BAC, Countrywide, Recon, and Nationstar filed the second reply. Each reply was separate.

**James C. Mahan**
**U.S. District Judge**

Countrywide Home Loans, Inc., a different entity from defendant Countrywide, as the beneficiary, and Recon as the trustee. *Id.*

After the consummation of the loan, the trustee and the beneficiary companies changed. On May 13, 2011, Recon assigned the deed of trust to BAC. (Doc. # 1–2 p. 50). On June 19, 2012, Recon re-assigned the deed of trust to The Bank of New York Mellon. (Doc. # 1–2 p. 54). On April 8, 2013, National Default substituted Recon as the trustee. (Doc. # 1–2 p. 56). Two assignments of the deed of trust followed, first to Nationstar on July 18, 2013, and then to Green Tree on August 22, 2013. (Doc. # 1–2 p. 52). Currently Green Tree holds the deed of trust as the beneficiary, and National Default is the trustee. *Id.*

Plaintiff made payments on the loan from the consummation date through January 2011. (Doc. # 1–2 p. 29 ¶ 78.2). Plaintiff then sent requests to defendants Bank of America, BAC, Green Tree, and National Default asking for copies of all documents pertaining to the origination of the loan. These documents included the initial loan application, final loan application, good faith estimates, appraisal, title report, chain of title, and other documentation. Plaintiff attaches five requests as exhibits to his complaint. The requests are dated May 15, 2012 (doc. # 1–2 p. 41), December 28, 2012 (doc. # 1–2, p. 43), April 23, 2014 (doc. # 1–2, p. 44), June 2, 2014 (doc. # 1–2 p. 46), and July 7, 2014 (doc. # 1–2 p. 47). National Default Servicing Corporation recorded a notice of default on July 31, 2014. (Doc. # 5-6 p. 2). This suit followed.

On August 12, 2014, plaintiff filed a *pro se* complaint in Nevada's Eighth Judicial District Court against defendants and "Does 1-1000". (Doc. # 1–2 p. 2). Defendants removed the case (doc. # 1), and filed the instant motion to dismiss (doc. # 5).

Plaintiff's arguments are difficult to comprehend, and this court has expended considerable time examining plaintiff's complaint and response. Plaintiff's complaint asserts, by this court's count, twelve distinct causes of action. Plaintiff asserts violations of the Home Ownership Equity Protection Act, the Real Estate Settlement Procedures Act, the Federal Truth-in-Lending Act, and the Fair Credit Reporting Act. Plaintiff also asserts claims for fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, civil conspiracy, and civil RICO.

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II.     Legal Standard

### A)  Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III.  Discussion

The court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

Additionally, the parties disagree regarding the appropriate statute of limitations for each cause of action. The court will discuss the applicable statute of limitations that governs each respective claim before addressing each claim on the merits.

### 1)  Count I: Violations of the Home Ownership Equity Protection Act

The Home Ownership Equity Protection Act ("HOEPA") is an amendment to the Truth-in-Lending Act that requires specific disclosures and minimum standards for residential mortgage loans. *See* 15 U.S.C. § 1639. Plaintiff alleges that the defendants violated HOEPA by failing to disclose Truth-in-Lending Act charges. (Doc. # 1–2 p. 24-27).

Defendants assert HOEPA's statute of limitations is one year. (Doc. # 5 p. 4). Plaintiff responds that the statute of limitations is ten years under the Fraud Enforcement and Recovery Act of 2009 ("FERA"). *See* 31 U.S.C. § 3731(b)(2). (Doc. # 13 p. 14).

FERA is an amendment to the False Claims Act that allows civil actions to be brought by private persons for violations of 31 U.S.C. § 3729. FERA actions are subject to strict procedural rules, including filing *qui tam* and *in camera*. *See* 31 U.S.C. § 3730(b)(1).

Both plaintiff and defendants are incorrect. FERA's ten-year statute of limitations is not applicable here for multiple reasons. First, plaintiff is not bringing a claim under the False Claims Act. Second, even if such a claim could be construed, plaintiff has failed to comply with the stringent filing procedures mandated by 31 U.S.C. § 3730(b)(1), such as filing *qui tam* and *in*

James C. Mahan
U.S. District Judge

- 4 -

*camera*. Finally, a *pro se* plaintiff is not entitled to proceed in a *qui tam* action. *Stoner v. Santa Clara Cnty. Office of Educ.,* 502 F.3d 1116, 1127 (9th Cir. 2007). Therefore, FERA's ten-year statute of limitations will not be applicable to any of plaintiff's claims in the instant case.

Though 15 U.S.C. § 1640(e) generally provides for a one-year statute of limitation, it explicitly sets a three-year limitations for violations of § 1639. HOEPA violations fall specifically within the bounds of § 1639. Therefore, the applicable statute of limitations is three years, running from the time the violation occurs. *See* 15 U.S.C. §1640(e).

Plaintiff consummated his loan on or about September 1, 2006. Plaintiff did not file his claim until August 12, 2014, almost 8 years later. Plaintiff had to file his claim on or before September 1, 2009 to meet the statute of limitation. Therefore, plaintiff is time-barred from pursuing this claim and has failed to state a claim on which relief may be granted. This count will be dismissed with prejudice.

2) **Count II: Violations of the Real Estate Settlement Procedures Act**

The Real Estate Settlement Procedures Act ("RESPA") prohibits banks from receiving kickbacks and unearned fees that increase the costs of a federally-related mortgage loan. *See* 12 U.S.C. §2607. Plaintiff alleges that defendants violated RESPA by accepting kickbacks in the form of financial charges from third parties for services not performed. (Doc. # 1–2 p. 28).

Defendants assert that RESPA has a one-year statute of limitations and plaintiff is time-barred from pursuing his claim. (Doc. # 5 p. 6). Plaintiff responds that the statute of limitations is ten years under FERA. (Doc. # 13 p. 14).

As discussed above, FERA is inapplicable in the instant case. The proper statute of limitations is one year and runs from the date of loan origination. *See* 12 U.S.C. § 2614; *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1037 (9th Cir. 2014).

Though RESPA claims have a one-year statute of limitations, the statute of limitations may be equitably tolled until discovery. *Id.* at 1039. The court is unable to determine from plaintiff's complaint whether plaintiff is time-barred from pursuing this claim. Plaintiff consummated his loan on or about September 1, 2006, but did not file his claim until August 12, 2014, nearly eight years later.

James C. Mahan
U.S. District Judge

- 5 -

Plaintiff alleges that the facts relating to fraud have been concealed. (Doc. # 1–2, p. 7 ¶¶ 13-15). Though this suggests that the statute of limitations would be equitably tolled until discovery, plaintiff provides no date to allow this court to determine if the complaint was filed before the statute of limitations had run. Therefore, the court cannot determine whether plaintiff's complaint is timely.

Even if the statute of limitations has not run, plaintiff's claim is unsupported by factual allegations. Plaintiff's complaint makes several brief and conclusory statements about the alleged violation without any factual enhancements, and his allegations fail to cross the line from conceivable to plausible as required by *Twombly*. Accordingly, plaintiff's claim for violations of TILA will be dismissed without prejudice.

### 3) Count III: Violations of the Federal Truth-in-Lending Act

The Truth-in-Lending Act ("TILA") requires that lenders make specific and conspicuous disclosures prior to closing a mortgage. *See* 15 U.S.C. § 1601 et seq. *and* 12 C.F.R. §§ 226.17-18. Plaintiff alleges that defendants violated TILA by failing to include and disclose finance charges and improperly calculating the annual percentage rate. (Doc. # 1–2 pp. 27-28). Plaintiff seeks to rescind the transaction. (Doc. # 1–2 p. 28 ¶ 76).

Defendants argue there is a three-year statute of limitations for rescission from the consummation of the transaction or the sale of the property, whichever occurs first, and that plaintiff is time-barred from pursuing his claim. *See* 15 U.S.C. § 1635(f). (Doc. # 5 p. 4). Defendants further assert the discovery rule does not apply to this statute of limitations. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998). Plaintiff responds that the statute of limitations is ten years under FERA. *See* 31 U.S.C. § 3731(b)(2). (Doc. # 13 p. 14).

As discussed previously, FERA is inapplicable to the instant case. Defendants are correct that a three-year statute of limitations applies. *See* 15.U.S.C § 1635(f). Plaintiff's loan originated on or about September 1, 2006. However, plaintiff did not file his claim until August 12, 2014, almost eight years later. Thus, plaintiff is time-barred from pursuing his claim. Plaintiff has failed to state a claim on which relief may be granted. This count will be dismissed with prejudice.

**James C. Mahan**
**U.S. District Judge**

*4) Count IV: Violation of the Fair Credit Reporting Act*

The Fair Credit Reporting Act ("FCRA") requires that furnishers of information to the credit reporting agencies report accurate information and take action upon a consumer's notice of dispute. *See* 15 U.S.C. § 1681s-2. 15 U.S.C. § 1681s-2(b)(1) governs the responsibilities of the furnishers of information to credit reporting agencies and illustrates the sequence of events needed to state a claim under FCRA. *Bevil v. Cal. Credit Union*, No. 2:13-cv-102, 2013 WL 2896970, at 5-6 (D. Nev. 2013).

To state a claim under FCRA plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b)(1)(A)-(E). *Id*.

Plaintiff alleges that defendants violated the FCRA by reporting false credit information to credit reporting agencies. (Doc. # 1–2 pp. 28-29). Defendants assert the claim must fail because defendants had no duty to investigate as plaintiff never forwarded any disputes to a credit reporting agency. (Doc. # 5 p. 7).

Here, plaintiff does not even allege, let alone plead any facts to demonstrate that he notified a credit reporting agency of his contentions, that the reporting agency notified defendants, and that defendants ignored the requirement to conduct an investigation. Plaintiff merely alleges defendants reported negative credit information to credit reporting agencies. Plaintiff does not assert that false information was knowingly furnished by defendants to the credit reporting agencies or that he followed all the steps necessary to assert a violation under the FCRA. Thus, the factual allegations in the complaint are insufficient to show that defendants violated FCRA. Plaintiff's claim for violations of FCRA will be dismissed without prejudice.

*5) Count V: Fraudulent Misrepresentation*

To state a claim for fraudulent misrepresentation, a plaintiff must allege: (1) that defendant made a false representation; (2) with knowledge of its falsity; and (3) with the intent to induce reliance on the misrepresentation. *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).

**James C. Mahan**
**U.S. District Judge**

- 7 -

In alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[A] plaintiff asserting fraud against a corporate [entity] must state the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Roberts v. McCarthy*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) (quoting *Spencer v. DHI Mortg., Inc.*, 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009)).

Defendants assert that the statute of limitations for fraud is three years and that plaintiff is time-barred from pursuing his claim. *See* NRS 11.190(3)(d). (Doc. # 5 p. 8). Defendants further assert that this statute of limitations should not be tolled as plaintiff should have discovered the alleged fraud when the loan was consummated. Plaintiff responds that the statute of limitations is ten years under FERA. *See* 31 U.S.C. § 3731(b)(2). (Doc. # 13 p. 14).

As discussed above, FERA is inapplicable to the instant case. The statute of limitations for fraud in Nevada is three years which begins upon discovery. *See* NRS 11.190(3)(d). Thus, plaintiff's claim may be time-barred. However, the statute of limitations is tolled until discovery of the facts. Plaintiff fails to plead the time of discovery, and thus this court cannot reach a determination on the statute of limitations.

Plaintiff alleges that defendants engaged in fraudulent misrepresentation by intentionally concealing material information, which had plaintiff known, he would not have agreed to the terms of the loan. (Doc. # 1–2 pp. 29-30). Defendants argue that plaintiff's complaint does not meet the Rule 9(b) pleading standard.

Regardless of whether plaintiff's claim is timely or not, plaintiff has failed to plead this cause of action with particularity as required by Rule 9(b). Plaintiff did not allege the times, dates, places, or benefits received, much less the people involved in the fraud and their authority. Indeed, the inability of this court to determine if this claim is time-barred proves that plaintiff did not state his claim with sufficient particularity to satisfy Rule 9(b). Plaintiff's claim for fraudulent misrepresentation will be dismissed without prejudice.

. . .

James C. Mahan
U.S. District Judge

- 8 -

### 6) Count VI: Breach of Fiduciary Duty

"[B]reach of fiduciary duty seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship." *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009). To prevail on a breach of fiduciary duty claim, plaintiff must first establish the existence of a fiduciary relationship. The relationship between a lending institution and its borrower-client is not fiduciary in nature absent the creation of a special relationship that would create a fiduciary duty. *Weingartner v. Chase Homes Fin., LLC*, 702 F. Supp. 2d 1276, 1288 (D. Nev. 2010).

Plaintiff alleges that defendants violated their fiduciary duty by failing to provide him with mortgage loan services that were best suited to him and that he would be able to satisfy. (Doc. # 1–2 pp. 30-31).

Defendants assert that plaintiff's claim is untimely because a claim for breach of fiduciary duty is subject to a three-year statute of limitations. *See* NRS 11.190(3)(d); *Shupe v. Ham*, 98 Nev. 61, 64, 639 P.2d 540, 542 (1982). (Doc. # 5 p. 9). Defendants further assert that this statute of limitations should not be tolled as plaintiff should have discovered the alleged fraud when the loan was consummated. Plaintiff responds that the statute of limitations is ten years under FERA. *See* 31 U.S.C. § 3731(b)(2). (Doc. # 13 p. 14).

As discussed above, FERA is inapplicable to the instant case. The statute of limitations for breach of fiduciary duty in Nevada is three years which begins upon discovery. *See* NRS 11.190(3)(d). However, plaintiff has not stated when the breach of fiduciary duty was discovered. Thus, this court cannot reach a determination if the statute of limitations has run.

Defendants further assert that, regardless of whether plaintiff's claim is timely or not, there is no fiduciary duty between lender and borrower. *Weingartner*, 702 F. Supp. 2d at 1288. (Doc. # 5 p. 9). The court finds that, even if plaintiff's claim is not time-barred, plaintiff fails to allege that there was any special relationship beyond the standard lender-borrower relationship that would establish a fiduciary duty. Without the existence of a fiduciary duty, there can be no breach of that duty. Accordingly, plaintiff's claim for breach of fiduciary duty will be dismissed without prejudice.

### 7) Count VII: Unjust Enrichment

Unjust enrichment is the "unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Galvan v. J.C.H. Enterprises, Inc.*, No. 2:11-cv-00307-RLH-GWF, 2011 WL 4501083, *3 (D. Nev. Sept 27, 2011) (quoting *Asphalt Prods. Corp. v. All Star Ready Mix,* 898 P.2d 699, 701 (Nev. 1995)). To state a valid claim for unjust enrichment, a plaintiff must allege: (1) plaintiff conferred a benefit on defendant, (2) defendant appreciated such benefit, and (3) defendant accepted and retained the benefit. *Id.* (citing *Topaz Mutual Co. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992)). However, where there is an express contract, an unjust enrichment claim is unavailable. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,* 942 P.2d 182, 187 (Nev. 1997) (the existence of an expressed, written agreement bars an unjust enrichment claim because there can be no implied agreement).

Plaintiff alleges that defendants have been unjustly enriched at plaintiff's expense by charging higher interest rates, accepting fees, kickbacks, and rebates from resale of the mortgage. (Doc. # 1–2 pp. 31-32). Plaintiff asserts that the applicable statute of limitations is ten years under FERA. *See* 31 U.S.C. § 3731(b)(2). (Doc. # 13 p. 14).

Defendants assert that the applicable statute of limitations for an unjust enrichment claim is three years under NRS 11.190(3)(d).  (Doc. # 5 p. 9). Defendants further assert that the statute of limitations should not be tolled as plaintiff should have discovered the alleged fraud when the loan was consummated. Defendants additionally assert that, regardless of whether the statute of limitations has run on plaintiff's claim or not, an unjust enrichment claim is not available where there is an expressed, written agreement. (Doc. # 5 p. 9).

Both plaintiff and defendants are incorrect regarding the statute of limitations. Here, as discussed above, FERA is inapplicable to the instant case. The statute of limitations for unjust enrichment in Nevada is four years which begins upon discovery. *See* NRS 11.190(2)(c), *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011). However, plaintiff has not stated when the alleged unjust enrichment was discovered. Thus, this court cannot reach a determination if the statute of limitations has run.

Regardless of whether plaintiff's claim is timely, plaintiff admits that he entered into an express written contract with defendants. (Doc. # 1–5). The deed and note are the expressed forms of the written contract between plaintiff and defendants. Therefore, because an express, written contract exists, there cannot be an unjust enrichment claim. *Leasepartners Corp.,* 942 P.2d at 187. Accordingly, plaintiff's claim for unjust enrichment will be dismissed without prejudice.

### 8) Count VIII: Civil Conspiracy

Civil conspiracy is a Nevada state law claim that "consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Consolidated-Generator Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998). To state a claim for civil conspiracy under Nevada law, a plaintiff must allege (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort." *Lalatag v. Money First Fin. Servs., Inc.,* No. 2:09-cv-02268-LRH-RJJ, 2010 WL 2925875, at *2 (D. Nev. July 20, 2010) (citing *GES, Inc. v. Corbitt,* 21 P.3d 11, 15 (Nev. 2001)). Furthermore, a claim for civil conspiracy must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat,* 591 F. Supp. 141, 144 (D. Nev. 1984).

Plaintiff alleges that defendants committed civil conspiracy by agreeing between themselves to engage in actions designed to further an illegal act and to defraud plaintiff. (Doc. # 1–2 p. 32-33). Plaintiff asserts that the statute of limitations is ten years under FERA. *See* 31 U.S.C. § 3731(b)(2). (Doc. # 13 p. 14).

Defendants assert that the statute of limitations for a civil conspiracy claim is four years and plaintiff is time-barred from pursuing his claim. *See* NRS 11.220. (Doc. # 5 p. 9). Defendants further argue that plaintiff's allegations are do not meet the particularity requirements of Rule 9(b). (Doc. # 11 p. 7).

Here, as discussed above, FERA is inapplicable to the instant case. Civil conspiracy has a four-year statute of limitations that begins at the time of discovery. *See* NRS 11.220; *see also Siragusa v Brown*, 971 P.2d 801, 807 (Nev. 1998). However, plaintiff has not stated when the

James C. Mahan
U.S. District Judge

- 11 -

conspiracy was discovered. Therefore, this court cannot reach a determination if the statute of limitations has run.

Even if plaintiff's claim is not time-barred, plaintiff failed to plead any act of fraud by defendants with the particularity required by Rule 9(b). The complaint merely makes conclusory allegations, but does not specify defendants' acts and roles in the alleged conspiracy. Plaintiff's claim for civil conspiracy will be dismissed without prejudice.

### 9)  Count IX: Civil RICO

Plaintiff has agreed to dismiss the civil RICO claim in his response. (Doc. # 13 p. 13). Thus, this issue is moot and needs no further consideration. Plaintiff's claim for civil RICO violations will be dismissed without prejudice.

### 10) Count XI: Quiet Title Claim

An action to quiet title requires plaintiff to have satisfied all debt owed on the property. "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Lopez v. Bank of Amer., N.A.*, 2:12-cv-801-JCM-CWH, 2013 WL 1501449, at *3 (D. Nev. April 10, 2013) (applying Nevada law). "The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein." *Id.* In a quiet title action, the burden of proof rests with the plaintiff to provide good title in himself. *Id.* (citing *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996)).

Plaintiff alleges that he alone should have title of the property and that defendants have no right of title. Plaintiff also alleges that assignments of the deed of trust by defendants were unlawful. (Doc. # 1–2 pp. 34-36). Defendants assert that plaintiff cannot quiet title when he does not have good title in himself. Defendants also assert that there is a cloud upon a title until the trustor's debt is paid. (Doc. # 5 p. 11).

Here, plaintiff does not allege that he has satisfied all debts regarding the subject property. In fact, plaintiff admits that he stopped paying the mortgage on the subject property in January 2011. (Doc. # 1–2 p. 29 ¶ 78.2). Plaintiff's admission demonstrates debts are still owned on the subject property. Accordingly, plaintiff has failed to prove that he has good title and plaintiff's claim for quiet title will be dismissed without prejudice.

**James C. Mahan**
**U.S. District Judge**

- 12 -

### *11) Count XII: Usury*

Usury is no longer a cause of action in Nevada. *Tatro v. Homecomings Fin. Network, Inc.*, 3:10-cv-00346-RCJ-RAM, 2011 WL 240255, at n.1 (D. Nev. Jan. 20, 2011). Under Nevada law, parties may agree to any interest amount. *See* NRS 99.050.

Plaintiff alleges that defendants engaged in usury by disguising the transaction to create the appearance of the lender being a properly chartered and registered financial institution, when in fact the real party in interest was not disclosed to plaintiff. (Doc. # 1–2 p. 36-37).

Here, plaintiff's claim fails because usury is not a cognizable cause of action in Nevada. Usury was superseded by NRS 99.050. Accordingly, plaintiff's claim for usury will be dismissed with prejudice.

### *12) Count XIII: Fraud*

Plaintiff alleges that defendants engaged in fraud by disguising the transaction to create the appearance of the lender being a properly chartered and registered financial institution when in fact the real party in interest was not disclosed to plaintiff. (Doc. # 1–2 pp. 36-37). Plaintiff asserts that the statute of limitations is ten years under FERA. *See* 31 U.S.C. § 3731(b)(2). (Doc. # 13 p. 14).

Defendants assert that statute of limitations for fraud is three years and has run. *See* NRS 11.190(3)(d). (Doc. # 5 p. 8). Defendants further assert that plaintiff has failed to comply with Rule 9(b) and plead his fraud claim with particularity. (Doc. # 5 p. 8). In alleging fraud, plaintiff must state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citations omitted).

As discussed previously, FERA is inapplicable to the instant case. The statute of limitations for fraud in Nevada is three years which begins upon discovery. *See* NRS 11.190(3)(d). However, plaintiff has not stated when he discovered the fraud, and thus this court cannot reach a determination if the statute of limitations has run.

Even if plaintiff is not time-barred from pursuing his claim, he has failed to plead fraud with particularity as required by Rule 9(b). Plaintiff has failed to give enough facts to show that

**James C. Mahan**
**U.S. District Judge**

- 13 -

defendants engaged in fraud by providing the requisite factual background, such as time, manner, place, or people involved. Indeed, that plaintiff has failed to state when he discovered the fraud shows that this cause of action was not plead with sufficient particularity. Accordingly, plaintiff's claim for fraud will be dismissed without prejudice.

### 13) *Various Improperly Asserted Causes of Action*

All claims for relief must be contained in a pleading. Fed. R. Civ. P. 8(a). A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings. *See* Fed. R. Civ. P. 7(a). Further, a court may not look beyond the complaint in a motion to dismiss brought under Rule 12(b)(6). *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). This includes newly asserted causes of action outside of a pleading.

Plaintiff asserts several new causes of action in his response. These causes of action include violation of 18 U.S.C. § 25 (doc. # 13 p. 2), NRS 107.071 (*id.* at 3), NRS 205.372 (*id.* at 10), and NRS 598D (*id.* at 11). Plaintiff's new causes of action are improperly asserted beyond the pleading, and will not be considered by this court.

## V.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 5) be, and the same hereby is, GRANTED consistent with the foregoing. The clerk shall enter judgment accordingly and close the case.

DATED February 12, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 14 -